# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE RAMIREZ, | 1:09-cv-01082-LJO-DLB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| J. F. SALAZAR, | [Doc. 14] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

In 1996, Petitioner was convicted of second degree murder and sentenced to a fifteen years to life term, plus four years for use of a firearm. Petitioner filed the instant petition on June 16, 2009.[1] Petitioner is not challenging the fact of his confinement; rather, he is challenging a May 10, 2007 prison disciplinary conviction for possession of a cell phone.

Respondent filed the instant motion to dismiss on August 28, 2009, and argues that the petition is untimely under 28 U.S.C. § 2244(d)(1)(D). Petitioner filed an opposition on September 18, 2009. (Court Doc. 15.) Respondent filed a reply on October 2, 2009. (Court Doc.

---

[1] See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court). The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

16.)

## DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.      Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 16, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board or administrative decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Shelby v. Barlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (AEDPA limitation period begins running the day after the denial of an administrative appeal); see also Cal. Code Regs. tit. 15, § 3084.1(a).

In the instant petition, Petitioner contends that his due process rights were violated when he was found guilty on May 10, 2007 of possession of a cellular phone. Petitioner sought administrative review of the disciplinary conviction through the inmate appeals process. (See Petition; see also Cal. Code Regs. tit. 15, §§ 3084.1, 3084.5.) Petitioner bypassed the first level of review and submitted his appeal directly to the second level of review, which was denied. (Exhibit 2, to Motion.) Petitioner then submitted his appeal to the third level of review, which was denied on January 28, 2008. (*Id*.) Respondent correctly submits that the limitations period began to run on January 29, 2008-the day after the final administrative decision was rendered. Petitioner therefore had one-year from the date to file his federal petition.

C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

1.  *Expiration of Limitations Period Prior to Filing First State Court Petition*

At the time Petitioner filed the first state court in the Riverside County Superior Court on January 26, 2009-363 days of the limitations period had already expired.[2]

2.  *Tolling During Pendency of State Court Petition*

Respondent makes no argument that Petitioner is not entitled to statutory tolling for the entire period of time the state court petitions were pending, i.e. January 26, 2009 through May 13, 2009-date the last petition was denied by the California Supreme Court.  (Exhibits 5-8, to Motion.)

3.  *Expiration of Limitations After State Court Review and Filing Instant Federal Petition*

A subsequent 34 days of the statute of limitations period expired from the date the California Supreme Court denied the state petition to the filing of the instant federal petition on June 16, 2009, resulting in a total of 397 days-exceeding the 365 days statute of limitations by 32 days.

---

[2] Respondent does not address or apply the mailbox rule to any of the filings, and the Court therefore does not agree with the calculations as set forth in his motion. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; see also Houston v. Lack, 487 U.S. 266 (1988) (deeming a pro se prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court).

In addition, although the dates and calculations are not analyzed in the argument portion of the motion, it appears that Respondent did not give Petitioner the benefit of statutory tolling for the pendency of the state court petitions.  (See Motion, at 3.)

D.  *Equitable Tolling*

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Although it is not entirely clear, it appears that Petitioner claims he is entitled to equitable tolling because he was awaiting the adoption of a proposed change to the regulation of which he was convicted. Petitioner's claim is flawed and without merit.[3] Petitioner was charged and found guilty of California Code of Regulations, title 15, Section 2006-contraband. At the time Petitioner was convicted, the regulation stated:

> Inmates may possess only the personal property, materials, supplies, items, commodities and substances, to the maximum quantity, received or obtained from authorized sources, as permitted in the institution's procedures. Possession of contraband as defined in section 3000 may result in disciplinary action and confiscation of the contraband.
>
> (d) Anything in the possession of an inmate which is not contraband but will, if retained in possession of the inmate, present a serious threat to facility security or the safety of inmates and staff, shall be controlled by staff to the degree necessary to eliminate the threat.

On August 4, 2008, subsection (c)(19) was added which states:

(c) Except as authorized by the institution head, inmates shall not possess or have under their control any matter which contains or concerns any of the following:

(19) Cellular telephone or other electronic communications device.

---

[3] To the extent Petitioner contends that the underlying merits of his petition warrant tolling of the limitations period, it is without merit. The merits of the federal petition are not relevant to whether extraordinary circumstances exist justifying the late filing of the habeas petition; showing of extraordinary circumstances related to filing of the petition itself is required. Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1314-15 (11th Cir. 2001); Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir.2005) (Even "[p]risoners claiming to be innocent . . . must meet the statutory requirement of timely action.").

5

15 Cal. Code. Regs. tit. 15 § 3006(c)(19) ("New subsection (c)(19) filed 8-4-2008; operative 8-4-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 32).)  This amendment merely added a distinct subsection prohibiting the possession of cellular phones.  Contrary to Petitioner's claim, the new subsection did not de-penalize such conduct or make the finding that possession of a cellular phone constitutes a serious threat to facility safety under subsection (d) unlawful.  Indeed, subsection (d) remains in tact and was not affected by the amendment.  There is simply no basis to warrant equitable tolling for Petitioner's claim that he awaited the adoption of the proposed amendment before filing a state petition because under either subsection (d) or the more specific subsection (c)(19), Petitioner would have been found guilty.

Petitioner also claims that he is entitled to equitable tolling because he was placed in administrative segregation for a 60-day period starting in 2007 and was without his legal materials.  Even assuming Petitioner's contention is true, it is irrelevant because the statute of limitations did not begin to run until 2008, after he was released from administrative segregation and he has failed to provide evidence that he was without access to his materials after this time.  Accordingly, there is no basis to warrant equitable tolling under these circumstances.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as untimely be GRANTED; and

2. The Clerk of Court be directed to dismiss the petition with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the

objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:    __October 7, 2009__             __/s/ **Dennis L. Beck**__
                                                           UNITED STATES MAGISTRATE JUDGE